## MARSON v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. March 14, 1906.)

CONTEMPT—MUNICIPAL CORPORATION—VIOLATING INJUNCTION—LIABILITY FOR CONTEMPT.

A municipal corporation threatened to move a house of an individual through its streets, and thereby injure the shade trees on the side of a street in front of an owner's premises. The court granted an injunction restraining the municipality from injuring the trees. *Held*, that it was guilty of contempt for violating the injunction, Code Civ. Proc. § 2284 prescribing the fine which may be imposed on a corporation adjudged guilty of contempt.

Spring and Nash, JJ., dissenting.

Appeal from Special Term, Monroe County.

Action by William H. Marson against the city of Rochester. From an order appointing a referee to take the evidence, and report to the court respecting the violation of an injunction entered on the return of an order directing defendant to show cause why it should not be punished for contempt, it appeals. Affirmed.

An action was commenced in the Supreme Court on the 16th day of August, 1905, to perpetually enjoin the defendant, its officers, agents, employés, and servants, from "cutting, mutilating, or otherwise injuring" a certain shade tree situate on the northerly side of Glasgow street in the city of Rochester, N. Y., immediately in front of premises owned by the plaintiff, and where he resided. In the complaint it is alleged, in substance, that the defendant is a municipal corporation; that, assuming to act in that capacity, it had given permission to one Mrs. Caroline Foley to move a house along Glasgow street, and in front of plaintiff's premises; that, pursuant to such permission, Foley attempted to move said house; that when she, in the progress of such work, reached the plaintiff's premises, she willfully, and without right or authority, cut down and removed large limbs from certain of plaintiff's trees, which practically destroyed them; that there was one other large and valuable tree which remained unharmed; that the time within which Foley was to move the house in question had expired, and that her authority to move said house under the grant to her by the city had ceased; that after the permission to Foley had terminated and her rights thereunder had ceased, it is alleged "that the defendant now threatens and intends and is about to move said house past plaintiff's premises"; that such action on its part will necessitate the destruction of, or seriously injure, the remaining tree in front of plaintiff's premises. It is alleged that the moving of such house by the defendant in the manner contemplated would unnecessarily cause damage to the plaintiff; that by an expenditure of not to exceed $50 a wing of the house could be removed, and thus permit it to be passed in front of plaintiff's premises without injury to him. Upon such facts, which were more fully elaborated by affidavits, a justice of the Supreme Court made an order, enjoining "the defendant, the city of Rochester, each of its attorneys, counselors, agents, and assistants," to "absolutely desist and refrain from cutting, mutilating, or otherwise injuring" the tree in question. The moving papers tend to show that such injunction was served upon, or that knowledge of its contents came to, the officers, employés, or servants of the defendant, and it is alleged that, in violation of such injunction, such officers, agents, and employés moved the building in question, destroyed plaintiff's shade tree, and thus did to him the injury complained of, and all in violation, as alleged, of the injunction. Thereupon the justice who granted the preliminary injunction, facts tending to show that it had been violated having been presented to him, made an order directing the defendant, the city of Rochester, to show cause why it should not be punished for contempt. Upon the return of said order to show cause, affidavits were presented on behalf of the defendant, which tended to show that the injunction order had not been violated by it, and, the alleged facts

and circumstances in that regard being conflicting, the learned justice made an order referring the disputed questions of fact to a referee, to take the evidence relative thereto, and to report the same with his opinion to the court; directing that in the meantime the motion to punish for contempt should stand over until the coming in of the report of such referee. From the order so made this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

B. B. Cunningham, Asst. Corp. Counsel, for appellant.
Nelson E. Spencer, for respondent.

McLENNAN, P. J. The principal contention on the part of the appellant is that in no event can a municipal corporation be punished for contempt. If so, then clearly it was error to make the order appealed from, because the evidence elicited pursuant thereto could not change the result. It is elementary that it would be an abuse of discretion to send issues of fact to a referee to take evidence and report to the court, if the evidence thus taken, whatever its character, could not affect the rights of the parties. If the motion to punish the defendant for contempt depends in any degree upon the facts, the appellant practically concedes the validity of the order appealed from.

We think a municipal corporation may be punished for contempt the same as any other corporation, where it assumes to act in its corporate capacity in a matter involving the rights of an individual. In the case at bar the defendant threatened to exercise an alleged governmental function, viz., the occupation of an entire street of the city for the purpose of moving a house thereon. The exercise of such function, as alleged, would unnecessarily injure plaintiff's property. If so, the city would have been liable for the damages sustained by the plaintiff in that regard. Instead of waiting until the damages claimed had actually been sustained, the plaintiff sought to prevent the commission of such acts of damage by injunction. We deem it unimportant to inquire what the facts are in this case; the question being whether in any case a municipality can be punished for violating an injunction.

We think that a municipality which assumes to act in its governmental capacity in such manner as to unlawfully impair the rights of an individual may be restrained from exercising such alleged rights in the premises until the further order of the court, and that the individual whose rights are invaded is not relegated to a recovery for damages against the officers, agents, or employés of such municipal corporation, but that such individual may assert and claim his damages because of the violation of an injunction by such corporation, which resulted in damage to him.

It is practically conceded on the part of the appellant that if the injunction was violated, it was thus violated by the officers, agents, or employés of the defendant, and it is urged that they only, individually or collectively, could be responsible for such alleged violation; the contention of the respondent being that, under the circumstances of this case as disclosed by the affidavits, the defendant is liable as principal for all the acts of the others, alleged to be its officers, agents, or employés. Upon principle, the defendant, the city of Rochester, should be

liable for the acts complained of.  The work related to a matter which could only be done by or with the approval of the city.  When its contractual relation in the premises ceased, according to the affidavits, it itself assumed to undertake the work which unnecessarily injured the plaintiff's premises.  Under those circumstances, the injunction was obtained, which, it is alleged, and the evidence tends to show, was violated by the defendant.  As before suggested, we conclude that a municipal corporation may be punished for contempt in violating an injunction, the violation of which interferes with, impairs, or restricts the rights of an individual.  In the case of Davis v. Mayor, 1 Duer, 451–510, a dictum adverse to the above proposition is quoted.  In that case, however, it appears that the whole body politic were considered as plaintiffs, and it was said by the learned judge, in effect, that it would be unintelligible to levy a tax upon the whole public to pay a fine which should, when paid, be returned to the treasury.  It is readily seen that, if a municipality is fined as for a criminal contempt, the fine so paid would go into the treasury, and so back to the taxpayer, and therefore no good or ill would result.  But the case at bar and similar cases are entirely different.  The plaintiff in this case seeks to prevent a wrong threatened to be done to his property by the municipality.  If such wrong were done, to wit, the destruction of his shade tree, without lawful excuse or authority by the municipality, clearly it would be liable for the damage thus done or sustained.  Anticipating such, he seeks to prevent the same by injunction, and yet, in violation of such injunction order, the damage notwithstanding is done.  What, then, is his remedy?  He could, of course, bring an action against the city for the damages sustained by him.  May he not, also, in case the injunction which he lawfully obtained has been violated, recover such damages in this proceeding?  Section 14 of the Code of Civil Procedure prescribes the contempts which are punishable civilly, and clearly within such section the contempt complained of is included.

Section 2284 of the Code of Civil Procedure provides that:

"If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court.  The payment and acceptance of such a fine constitute a bar to an action by the aggrieved party, to recover damages for the loss or injury. * * *"

Under these sections of the Code, we discover no reason why the respondent, in case the allegations in his complaint and affidavits are true, should not be entitled to recover from the defendant, the city of Rochester, as by way of fine, the actual damages sustained by him because of the violation of the injunction, and, in addition, his costs and expenses in seeking to enforce such injunction and the costs of this appeal.

Our attention has been called to the statement of several text writers and to the dictum of the courts in some cases, to the effect that a municipal corporation cannot be punished for contempt.  Of course, it is elementary that a corporation other than a municipal may be so punish-

ed, and that the officers, agents, and employés of a municipal corporation may be likewise punished for the willful. violation of an injunction order served upon them, or of which they have notice. We think it reasonable to hold that a municipal corporation engaged in a municipal work, which is restrained by order of the court, and which continues such work in violation of the injunction, and which violation by it results in an injury to the property of a private individual, may be punished for the violation of such injunction, at the instance of such private individual, to the extent of the damages sustained by him by reason of such violation. It follows that the order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.

WILLIAMS, J., concurs. KRUSE, J., concurs in memorandum. SPRING and NASH, JJ., dissent.

KRUSE, J. I concur in affirming the order appealed from. Where the officers of a municipal corporation threaten to do a wrongful act, for which, if done, the corporation would be liable, and an action is brought against the corporation to restrain such act, and an injunction is granted against the corporation, and the wrongful act is done in violation of the injunction by the officers, for whose act the corporation is responsible, no good reason exists for not punishing the corporation by a proper fine, as is provided in section 2284 of the Code of Civil Procedure. The last sentence of that section reads as follows: "A corporation may be fined as is prescribed in this section." This sentence was added to the provisions of the Revised Statutes upon the same subject, and was enacted with the last installment of the Code of Civil Procedure in 1880. It was evidently intended to settle the question that had theretofore arisen as to whether a corporation could be punished for contempt. It may well be that in many cases where an injunction is violated by the officers of a municipality the corporation itself is not liable, and, when all of the evidence in this proceeding is before the court, it may appear that this case is of that character. But I think we would not be warranted in holding, as we would be required to do to reverse this order, that in no case may a municipal corporation be punished for contempt. If a municipal corporation may be enjoined by injunction, it would seem that in a proper case it should be punished for violating the same; otherwise, an injunction may be violated with impunity by irresponsible officers, and irreparable injury done to others, in defiance of the order or judgment of the court.