INGLESE v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

1. MASTER AND SERVANT (§ 276*) — INJURIES — ACTIONS—EVIDENCE—RULES OF WORK.

In a servant's action for injuries claimed to have been caused by his foreman's violation of a rule requiring him to warn employés of approaching trains in time to leave the track, that such warning was always given by the foreman would justify a finding of the existence of the rule.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 276.*]

2. MASTER AND SERVANT (§ 270*)—INJURIES—EVIDENCE—NEGLIGENCE.

In a section hand's action for injuries claimed to have been caused by his foreman's violation of a rule requiring him to warn the trackmen of approaching trains in time to leave the track, the violation of the rule by the foreman was some evidence of negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 270.*]

3. MASTER AND SERVANT (§ 276*)—INJURIES—NOTICE OF INJURY.

In a railroad employé's injury action, an admission that notice of the accident was served upon the company, without proof of its contents or date of service, was insufficient to show notice under the employer's liability act, so as to establish liability thereunder.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 276.*]

4. MASTER AND SERVANT (§ 259*) — INJURIES — ACTIONS — FELLOW SERVANTS — STATUTE—NECESSITY OF PLEADING.

In a railroad employé's action for personal injuries, plaintiff need not plead Laws 1906, p. 1682, c. 657, making employés of railroad corporations who are intrusted with control or command of other employés vice principals.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 259.*]

5. MASTER AND SERVANT (§ 181*)—FELLOW SERVANTS—VICE PRINCIPALS—STATUTE—VALIDITY.

Laws 1906, p. 1682, c. 657, providing that, in actions against railroad corporations for personal injuries to employés arising from the company's negligence or that of its employés, persons intrusted with control or command of other employés, or who have control of a signal, switch, locomotive engine, car, train, or telegraph office, are vice principals, and not fellow servants, of the employé injured, is constitutional.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 181.*]

6. MASTER AND SERVANT (§ 181*) —MASTER'S LIABILITY—NEGLIGENCE OF VICE PRINCIPAL.

Under Laws 1906, p. 1682, c. 657, making railroad employés intrusted with superintendence, control, or command of other employés vice principals, in personal injury actions, the company would be liable for the negligence of a track foreman, who controlled and commanded the members of a repair gang, in failing to warn the men to leave the track in time.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 181.*]

7. MASTER AND SERVANT (§ 285*)—INJURIES—ACTIONS—JURY QUESTION—PROXIMATE CAUSE.

In an action by a railroad section hand for injuries sustained by being struck by an object at the same time another employé, whom the foreman had not warned in time to leave the track, was struck by a bar which was hit by a passing engine, whether plaintiff's injury was proximately caused by being struck by the body of the other employé or by the bar *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 285.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. EVIDENCE (§ 587*)—CIRCUMSTANTIAL EVIDENCE—NATURE.

In order to prove a fact by circumstances, the circumstances must be shown, and the inference sought to be established therefrom must be the only one which can fairly and reasonably be made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2436; Dec. Dig. § 587.*]

9. NEGLIGENCE (§ 134*)—ACTIONS—PROOF—PROXIMATE CAUSE.

Plaintiff need not exclude all other possible hypotheses as to the cause of his injuries, except that claimed as the proximate cause thereof, in an action for negligent injuries.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 134.*]

10. MASTER AND SERVANT (§ 289*)—INJURIES—ACTION—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

In an action by a railroad section hand for injuries claimed to have been caused by his foreman's negligence in not warning another servant in time to leave the track, whereby a bar he was using was struck by the engine and hit plaintiff, or he was struck by the body of the other employé, whether plaintiff was negligent in not himself keeping a lookout and leaving the track in time to avoid injury *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

Appeal from Trial Term, Westchester County.

Action by Leonardo Inglese against the New York, New Haven & Hartford Railroad Company. From a judgment dismissing the complaint, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

William S. Beers, for appellant.
Charles M. Sheafe, Jr., for respondent.

BURR, J. Plaintiff was employed by the defendant to assist in repairing its tracks. On the 9th day of July, 1907, he was engaged in working on the east-bound track near Pelham, taking up old ties and putting down new ones. Caneo Sabio belonged to the same gang of track repairers. It was the custom of the foreman of the gang to give warning to the workmen of the approach of a train by saying "Look out!" He instructed the men not to leave the track until he warned them, and not to leave any tools upon the track. The penalty for disobedience was discharge. On the day in question the plaintiff and Sabio were working side by side. Sabio had an iron bar under the rail and was sitting upon it, trying to loosen the rail. Plaintiff had his back turned toward the direction from which the train was coming. A train approached, and the foreman cried, "Look out!" Plaintiff stepped from the track, but before Sabio had done so the engine struck the iron bar and pushed it "against his belly." Simultaneously something struck the plaintiff, and he was thrown down and rendered unconscious. Sabio was killed. There was evidence from which the jury might have found that the train was so close to the men before a warning was given that Sabio did not have time to release the bar and step aside before being struck. Upon this evidence

the plaintiff was nonsuited, and from the judgment entered thereon this appeal was taken.

So far as the defendant's negligence is concerned, two questions are presented: First. Was the failure of the foreman to warn the workmen of the approaching train until it was so close at hand that Sabio was unable to extricate the tool with which he was working and get out of the way before being struck an act of negligence for which the defendant is responsible? Second. If so, was it the proximate cause of the injury to the plaintiff? No evidence was given of an express rule of the defendant requiring the foreman to give warning of approaching trains under circumstances similar to these. The fact that such warning was always given would justify the jury in believing in the existence of such a rule. If there was such a rule, then the violation of it was some evidence of negligence. Whittaker v. D. & H. C. Co., 126 N. Y. 544, 27 N. E. 1042. If the act of the foreman was a negligent act, is the defendant responsible for it? At common law his negligence, being that of a fellow servant of the plaintiff, would not impose any liability on the common master. The complaint in this action alleges the service of a notice under the provisions of the employer's liability act (Laws 1902, p. 1748, c. 600). Upon the trial the only proof given was by way of an admission that notice of the accident was served. There was no proof of its contents, nor as to the date of the service. The proof was, therefore, insufficient to establish liability under that act.

But the common-law rule above referred to has been changed by the provisions of Laws 1906, p. 1682, c. 657, which is an amendment to the railroad law. It provides as follows:

"In all actions against a railroad corporation * * * doing business in this state, * * * for personal injury to * * * any person, while in the employment of such corporation, * * * arising from the negligence of such corporation * * * or of any of its * * * officers or employés, every employé * * * shall have the same rights and remedies for an injury * * * suffered by him, from the act or omission of such corporation * * * or of its * * * officers or employés, as are now allowed by law, and, in addition to the liability now existing by law, it shall be held in such actions that persons engaged in the service of any railroad corporation, * * * doing business in this state, * * * who are intrusted by such corporation * * * with the authority of superintendence, control or command of other persons in the employment of such corporation, * * * or with the authority to direct or control any other employé in the performance of the duty of such employé, or who have, as a part of their duty, for the time being, physical control or direction of the movement of a signal, switch, locomotive engine, car, train or telegraph office, are vice principals of such corporation * * * and are not fellow servants of such injured * * * employé."

This act makes no provision for the serving of any notice as a condition precedent either to the establishment of a cause of action or the right to sue. It is not necessary to plead this statute to enable the plaintiff to receive the benefit of it, and the statute is not subject to attack upon constitutional grounds. Schradin v. N. Y. C. & H. R. R. R. Co., 124 App. Div. 705, 109 N. Y. Supp. 428, affirmed 87 N. E. 1126. The foreman controlled and commanded the members of the repair gang when to leave the track and when not to do so. If he performed this duty negligently, the defendant is responsible therefor.

Upon the question of the proximate cause of the injury, we think, also, that it was for the jury to say. whether the blow which struck the plaintiff to the ground and rendered him unconscious was not inflicted by Sabio's body or the iron bar which was struck by the engine. It is true that the plaintiff says he does not know what struck him. He became unconscious, and when he recovered consciousness he was in the hospital. Some foreign body came in contact with his person with great force. The position which the men occupied, only three feet apart, the violence of the blow inflicted upon the bar and upon Sabio, the fact that almost simultaneously therewith the plaintiff was struck and fell to the ground, and the fact that there is no evidence of anything else which could have struck the plaintiff, make it highly probable that the cause of the injury may be found here. While it is true that to prove a fact by circumstances the circumstances must be shown, and the inference sought to be drawn therefrom to establish the fact be the only one which can fairly and reasonably be drawn from the circumstances (Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90, 47 N. E. 971), it is not necessary for plaintiff to exclude all other possible hypotheses (Smith v. Brooklyn Heights R. R. Co., 82 App. Div. 531, 81 N. Y. Supp. 838; Brand v. Borden's Condensed Milk Co., 89 App. Div. 188, 85 N. Y. Supp. 755; Id., 95 App. Div. 64, 88 N. Y. Supp. 460).

In the Ruppert Case plaintiff's intestate was killed by being thrown from his wagon, because it came in contact with a granite paving stone lying in the street. It was sought to hold defendant liable by proof that the defendant was paving between its rails and carting stone for that purpose. It appeared, however, that the stone which caused the accident was not the same kind of stone which the defendant was using but that other parties who were paving streets in the neighborhood were using granite blocks and were carting the same over the street in question. The court say:

"But it appears that, while the defendant was so engaged in moving the paving stone, it was not using or moving any stone of this character, and that other parties were. Hence the reasoning process is defective, since it is at least as reasonable to suppose that the stone in question was left in the street by the careless act of the parties who were using and moving this kind of stone as by the defendant, who was not."

Here there was no evidence that at the time plaintiff was struck any object was flying through the air except Sabio's body and the iron bar which he was using.

In the Brand Case the plaintiff, who was a passenger in a street railroad car, was injured by a collision between the car and some object in the street. The court say:

"It is true that no witness was called who actually saw the collision. The occurrence of a collision, however, may often be inferred from the circumstances of a case, even though no one can be found who observed the colliding bodies at the moment of impact. Here the proof strongly indicated that there was not anything else with which the car could possibly have come in contact, except the wagon bearing the name of the defendant."

In that case it was held to be a question of fact for the jury as to whether it was defendant's wagon that caused the collision.

The respondent cites the case of Bannon v. N. Y. C. & H. R. R. R. Co., 112 App. Div. 552, 98 N. Y. Supp. 770, as sustaining the judgment in this case. But in the Bannon Case the railroad company was held not to be responsible for the negligence of the person who placed the railroad tie on the track, which, being struck by an engine, was thrown onto the adjoining track, injuring the plaintiff, because he was his fellow servant, for whose acts defendant was not responsible. Here the negligence was in not giving reasonable notice to Sabio to get out of the way with his tools, and for this negligence, as we have seen, the defendant is liable.

The question of plaintiff's contributory negligence was clearly for the jury. In view of the attention which he must necessarily give to his work, and in view of the instructions given to him by the foreman to depend upon the warning which he gave as to approaching trains, it was at least for the jury to say whether he should have himself been constantly on the lookout for such trains. As soon as he received the warning he started to reach a place of safety. The fact that after he was entirely clear from the track he stood still for an instant before starting on again would not, as matter of law, constitute contributory negligence. It does not appear that at that moment he had observed that Sabio had been unable to loosen his iron bar. Even if he had kept on walking away, he might have been struck.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.