532    APPELLATE COURTS OF ILLINOIS.

Anderson & Lind Mfg. Co. v. Carpenters' D. C. of C., 226 Ill. App. 532.

## Anderson & Lind Manufacturing Company, Appellant, v. Carpenters' District Council of Chicago, Appellee.

### Gen. No. 27,153.

CONTEMPT—*labor council chargeable with acts of officials.* A district labor council is chargeable with contempt because of the acts of its president and a business agent of one of the local unions comprising such council in calling strikes to enforce a secondary boycott against a manufacturer in violation of an injunction, where the evidence shows that the president of the council, under its constitution, is in control of all strikes and the enforcement of the union rules on members, that the business agents act under his supervision and that the acts complained of on the part of such officers were clearly in violation of the injunction, and where the answer of the defendant does not deny that the officers were acting in behalf of the council or that their acts were beyond the scope of their authority and alleges that the acts were done for its benefit.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded with directions. Opinion filed November 29, 1922.

EDMUND W. FROEHLICH, for appellant.

HOPE THOMPSON, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This case was consolidated for hearing in this court with cases No. 27,151 [*ante*, p. 505] and No. 27,152 [227 Ill. App. —]. All three cases were heard together in the trial court. We are this day filing opinions in the three cases and in the opinion filed in No. 27,151 [*ante*, p. 505] we have fully stated all the facts involved and the law which, in our opinion, is applicable to those facts, except as to the question of the propriety of the action of the trial court in discharging the rule as to

the Carpenters' District Council. To reverse that action of the trial court, Anderson & Lind Manufacturing Company, the petitioner, has perfected this appeal.

In our decision of the other two cases referred to, we have affirmed the action of the trial court, in finding the respondents Brims and Church guilty of contempt and punishing them accordingly. Brims was the president of the Carpenters' District Council and Church was the business agent of one of the local unions of the Brotherhood of Carpenters within the jurisdiction of the Carpenters' District Council, which local union was affiliated with the Council and, with the other local unions in the district, elected annually its representative to the District Council. The record shows that the District Council was composed of about 100 individuals, each of the local unions in the district having one representative in the District Council, which is a governing body of the local unions, of the carpenters situated in the Chicago District. The District Council is not incorporated but is a voluntary association. But no question has been raised on this record on the question of the nature of this organization. That such a voluntary organization, having failed to raise in the original case the capacity in which it was there made a defendant, is amenable to punishment for contempt of court, if it violates the terms of the decree there entered, was held in *Barnes & Co. v. Chicago Typographical Union*, 232 Ill. 402.

In determining whether the District Council was guilty of contempt by reason of the actions of Brims and Church, in calling the strikes on the Pottinger jobs, as described in the opinion filed in case No. 27,151 [*ante,* p. 505], it is important to note some of the provisions of the constitution of the District Council. Among other provisions in the constitution are found the following:

"Section 17. It shall be the duty of the president to

534        APPELLATE COURTS OF ILLINOIS.

Anderson & Lind Mfg. Co. v. Carpenters' D. C. of C., 226 Ill. App. 532.

.preside at all meetings of the Council, conduct the same according to parliamentary rules, enforce a due observance of the constitution and by-laws, decide all questions of order without debate, subject, however, to an appeal to the meeting, and see that all officers perform their respective duties faithfully. He shall sign all official documents that may have been passed by the meeting. He shall supervise the work of all assistant business agents in this district, to conduct strikes and enforce a due observance of the working rules; he shall keep a correct record of all strikes, the number of the men involved, and submit a summary report at each meeting of the District Council, and must hold a meeting of all business agents at least once a week.

*   *   *   *   *   *

"Sec. 44. Local Unions employing business agents will be required to place them under the supervision of the president of this District Council. They shall receive credentials from this Council and be required to report at the office at least three times per week, unless detained by their duties. Business agents charged with allowing violations of the working rules and conduct unbecoming a union man shall be tried in the District Council before their respective trial boards; for the first offense, he shall be fined $25.00, and the second $50.00, and his credentials taken away."

In the joint and several answers of the respondents, it is not denied that Church was the business agent of one of the local unions represented in the District Council, nor that Brims was the president of the council, nor that the District Council was the representative of the Brotherhood of Carpenters in the Chicago District, nor that the council was engaged in carrying out the general policy of the brotherhood. The respondents allege in their answers that it has long been the policy of the brotherhood that its members shall not work on material which is of nonunion manufacture and that, following the entering of the original injunction decree, an agreement was entered into be-

tween the Carpenters' District Council and the Carpenter Contractors' Association, providing, in effect, that union carpenters would not be required to work on material of nonunion manufacture, and that the Anderson & Lind Manufacturing Company were parties to or bound by that agreement, and the answers contain further allegations to the general effect that whatever had been done by them was by way of an effort to have the provisions of that agreement carried out, and in the belief that such conduct was entirely lawful and not in violation of the terms of the decree.

The evidence fails to show that the Anderson & Lind Manufacturing Company were parties to any such agreement. Neither by the pleadings nor in the testimony does the Carpenters' District Council disavow the acts of Brims and Church or claim that such acts were beyond the scope of their authority. The effect of the answers to which the District Council is a party is that whatever was done was pursuant to the policy of the brotherhood with regard to its members working on material of nonunion manufacture and that such acts were not covered by nor enjoined by the decree of the court.

In view of these allegations by the respondents themselves, in their answers, and the provisions of the constitution of the District Council, to which reference has been made, it seems clear that the acts of the president of the council, Brims, and one of its business agents, Church, which have been found to be in violation of the terms of the injunction involved, and a contempt of court, were acts of the duly qualified agents of the District Council, which were wholly within the scope of their authority. It has never been the position of the District Council, so far as the record discloses, that the acts of its officer and agent, Brims and Church, were done without authority. But, on the contrary, the position of the District Council is that these acts were done for its benefit and the benefit

of the Brotherhood of Carpenters, but that the acts were lawful and therefore not subject to be held a contempt of court. Of course it is not necessary, in order to hold the District Council responsible, for the acts of its officers or agents, in contempt of an injunction decree entered in a proceeding in which it, as well as they, were parties defendant, that such acts should have been specifically directed by it to be done by formal action on the part of the District Council. In order to fasten responsibility for the acts of the officer and the agent upon the council itself, it is enough that the acts were within the scope of their authority, and were done for the council's benefit. *United Traction Co. v. Droogan,* 115 N. Y. Misc. 672, 189 N. Y. Supp. 39; *Hitchman Coal & Coke Co. v. Mitchell,* 245 U. S. 229, 249; *New York Cent. & H. River R. Co. v. United States,* 212 U. S. 481, 493; *Telegram Newspaper Co. v. Commonwealth,* 172 Mass. 294; *Fiedler v. Bambrick Bros. Const. Co.,* 162 Mo. App. 528; *Marson v. City of Rochester,* 112 N. Y. App. Div. 51, 97 N. Y. Supp. 881; *Indianapolis Water Co. v. American Strawboard Co.,* 75 Fed. 972.

The acts of the respondents, Brims and Church, being within the scope of their authority as officer and agent of the District Council, and being committed by them for the benefit of the District Council, and being in contempt of court, it is our opinion that the trial court erred in discharging the rule as to the respondent, The Carpenters' District Council. The court should have found the latter respondent guilty of contempt of court as well as the other two, and punished it accordingly.

For the error in failing to do so, the decree appealed from herein is reversed and the cause is remanded to the circuit court with directions to proceed therein, in accordance with the views herein expressed.

*Reversed and remanded with directions.*

TAYLOR and O'CONNOR, JJ., concur.