(112 App. Div. 332)

## SUTHERLAND v. AMMANN.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

1. APPEAL—NONSUIT—REQUESTED AMENDMENT.

The appeal from a nonsuit in an action, the complaint in which is drawn on the theory of defendant's liability because of a violation of the labor law, and which does not allege facts necessary to bring the case within the employers' liability act, cannot, by reason of plaintiff's request after the nonsuit to amend the complaint, be aided on the ground that the case is within the latter act.

2. MASTER AND SERVANT—INJURY TO EMPLOYÉ—DEFECTIVE SCAFFOLDING.

A scaffolding for the erection of a temporary partition in a store, to protect goods therein from dust while alterations of the building were being made, from which one employed only for work on such partition was injured, is not within Labor Law, Laws 1897, p. 467, c. 415, § 18, declaring a person employing another to perform labor in the "erection, repairing, altering, or painting of a house" shall not furnish for the performance of such labor scaffolding unsuitable to give proper protection to the life and limb of a person so employed.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 207.]

Jenks, J., dissenting.

Appeal from Trial Term.

Action by Daniel W. Sutherland against Frank Ammann. From a judgment dismissing the complaint at the close of plaintiff's evidence, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Ira Leo Bamberger, for appellant.
Francis I. Osborne, for respondent.

WOODWARD, J. The plaintiff brings this action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant, and, having been nonsuited, is entitled to have the questions reviewed from the standpoint that all of the facts and inferences are such as the jury might properly have found from his evidence. The complaint in the action is drawn upon the theory that the defendant is liable to the plaintiff because of a violation of the provisions of section 18, c. 415, p. 467, Laws 1897, known as the "Labor Law," but the appeal is sought to be maintained upon the further ground that the case comes within the provisions of the employers' liability act; and it is urged that this question is in the case because of the fact that the plaintiff alleges that he gave the notice required by such act within 120 days of the happening of the accident. The case as pleaded, and as the pleadings stood when the motion to dismiss the

complaint was granted, did not allege the facts necessary to bring the case within any of the provisions of the employers' liability act, and the rule is well settled that where the action depends upon a statute, the plaintiff must, by pleading and proof, bring the action within the terms and conditions of the statute. Lewis v. Howe, 174 N. Y. 340, 343, 66 N. E. 975, 1101, and authorities there cited. We may, therefore, pass over this contention of the plaintiff without further comment, for obviously the request of the plaintiff to amend his complaint after the motion had been granted could give no rights on this appeal.

The plaintiff was a carpenter, employed with others by the defendant in erecting a temporary dust partition in the store occupied by James McCreery & Co., on West Twenty-Third street, in the borough of Manhattan. This partition was made necessary by the fact that the owners of the premises contemplated making additions or alterations in the building, but it does not appear that the defendant had anything to do with making such alterations or additions; he was simply employed to erect this dust partition, to protect the goods of McCreery & Co. while the other work was being done, and the accident to the plaintiff resulted from the faulty construction of a scaffolding which was brought into use in the construction of this temporary partition.

The question presented by this appeal is whether this scaffolding, erected by the plaintiff and others, under the supervision of the defendant's foreman, comes within the legislative intention, and makes the defendant liable because it fell and produced the plaintiff's injuries. It seems that this partition was constructed by nailing boards upon timbers standing on end, and about 18 feet long, extending from the floor to the ceiling. When the carpenters had placed the boards as high as they could reach from the floor, the plaintiff, under the direction of defendant's foreman, assisted in constructing certain brackets, which were fastened to the partition for the purpose of placing boards upon them for a platform. Instead of using six brackets, only five were employed, the ends of some of the boards being placed upon the round of a ladder, which was stood up against a partition running at right angles with the one on which the work was being done. The plaintiff and defendant's foreman mounted this scaffolding and engaged in work. When the foreman came to get down from the platform, the ladder slipped in some way, and the scaffolding was saved from collapse only by these men holding onto some projection at hand. The foreman then went down to the floor, and the plaintiff says that the foreman said that the ladder was unsafe, and that he would fix it, and that, relying upon this assurance, the plaintiff continued his work, when suddenly the ladder slipped along the wall, and the platform fell, with the result that the plaintiff was injured. It is not suggested that there was any defect in the ladder as a ladder, or that there was any lack of suitable material for constructing a safe scaffolding. Indeed, it appears that six brackets were made, but that the ladder was used by the direction of the foreman, with the full knowledge of the plaintiff, and with subsequent notice that it was not safe, and yet he seeks to recover of the defendant for injuries from the falling of this scaffolding, due to a cause equally as obvious to him as it was to the foreman or to any other man of experience. But this goes, perhaps, to the ques-

tion of contributory negligence, and we prefer to determine this appeal upon the broader question of the liability of the defendant under the circumstances of the construction of this scaffolding in the construction of a mere temporary partition, constituting no part of the work of erecting, repairing, altering, or painting of a house, building, or structure, within the fair contemplation of the statute under which this action is brought. In a dissenting opinion in Welk v. Jackson Architectural Works, 98 App. Div. 247, 253, 90 N. Y. Supp. 541, which has since received the approval of the Court of Appeals, I took occasion to say:

"It seems to me that section 18 of the labor law is given its legitimate effect when the employé is given a cause of action for the neglect of the master in furnishing a safe scaffold, where it is the duty of the master to furnish such scaffold. If this so-called 'scaffold' had been erected by the master, and the plaintiff had been called upon to perform some service which required his presence upon the beam, and the beam had turned over and produced the fall, there would be reason for holding the master liable; but when we find the plaintiff engaged in a general employment, necessitating the placing of this beam for the primary purpose of supporting the iron girders, and the latter is injured by a failure on the part of fellow servants to securely fasten the beam, it is hard to conceive of any duty which the master owed the plaintiff and which he has failed to discharge. If the law has reached a point of development where the master must personally attend each detail of construction, and must personally test each step of the laborer in order to determine that the latter may perform the work in safety, it is well that the fact be known, that employers may protect themselves, either by adding to the contract price sufficient to pay for this added burden, or by such other means as may be pointed out."

I am unable to distinguish this case in principle from the one at bar. The plaintiff not having pleaded the employers' liability act, or the facts necessary to constitute a cause of action under such act, the fact that the person who had charge of this work was a foreman, and exercised the powers of a superintendent, has nothing to do with the case. He was a fellow servant of the plaintiff, and they were engaged in the details of the work. It may be conceded that a scaffolding became necessary in the course of the work, though it does not appear from the evidence that the work might not have been done equally as well by the use of ladders, or some other means of carrying the boards into position; but this was a mere detail of the work. It was not the duty of the master to stand around and wait for the work to be done up to a certain point, and then to construct a scaffolding that the work might be completed. He had done his duty when he had furnished the materials and competent fellow servants for performing the work in hand, and the construction of this scaffolding was as much a detail of the work as would be the placing of the boards and nailing them in position. But, as suggested in Schapp v. Bloomer, 181 N. Y. 125, 128, 73 N. E. 563, 564, the statute could hardly have been intended to cover such a case as is presented by the evidence in this record. "What the Legislature evidently had in mind," say the court, "was scaffolding on buildings or structures where its use was obviously dangerous to life and limb of an employé thereon in case of a fall. If ordinary staging, put up in a room from four to six feet above the floor, to facilitate the placing of fixtures, was intended to be included

as among the specified cases, we should find it difficult to suggest a scaffold that would not fall within the limitation of the statute. To so hold would practically extend it to all cases in which scaffolds are used. This would be an unauthorized departure from the rule of construction to which we have called attention." The scaffolding here under consideration was a few feet higher than that suggested by the court, but there is no difference in the principle, and we are persuaded that the plaintiff is not within the spirit of the act, and that the nonsuit was properly granted.

The judgment appealed from should be affirmed, with costs. All concur, except JENKS, J., who dissents.