question whether the plaintiff assumed the obvious and apparent danger incident to the peculiar construction of the building and the situation of the boiler. It appeared upon the trial, and the fact was not contradicted, that the decedent commenced work in this building and continued his employment therein for nearly two years with full knowledge of its character and construction, as well as the location of the boiler and other machinery. The case, therefore, is brought within the rule often recognized and applied, to the effect that a servant upon entering the employment assumes, not only all the risks incident to such employment, but all dangers which are obvious and apparent, and if he voluntarily continues in the service, having knowledge or the means of knowing the dangers involved, he is deemed to assume the risk, and to waive any claim for damages against the master in case of personal injury. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Crown v. Orr et al., 140 N. Y. 450, 35 N. E. 648; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. We think that it is too plain for argument that the decedent took upon himself all the risks resulting from the peculiar construction of the building and the cramped position of the boiler, and, as this is an ordinary common-law action for negligence, the defendant was entitled to have the charge made as requested.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### SCHRADIN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

1. MASTER AND SERVANT—ACTIONS FOR INJURIES—VICE PRINCIPAL AND FELLOW SERVANTS—STATUTORY PROVISIONS—"CONTROL OR DIRECTION OF A MOVEMENT OF A SIGNAL."

A watchman employed to give signals of the approach of trains to workmen on the railroad track is a person in the employ of a railroad company who has the "control or direction of a movement of a signal" within the meaning of Laws 1906, p. 1682, c. 657, amending section 42a of the Railroad Law, Laws 1890, p. 1082, c. 565, providing that such persons shall be classed as vice principals, and not as fellow servants, in actions for injuries to employés.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 493–514.]

2. SAME—PLEADING.

Laws 1906, p. 1682, c. 657, amending section 42a of the Railroad Law, Laws 1890, p. 1082, c. 565, provides that, in addition to the liability now existing by law, it shall be held in actions for personal injuries to employés that certain persons specified are not fellow servants of the injured or deceased employé, but vice principals; and no notice is required to be given of an intention to hold the employer liable thereunder. *Held,* in an action wherein the facts alleged were sufficient to bring plaintiff within the liability created by such act, the complaint need not allege that defendant was liable under its provisions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 822.]

3. SAME.

A general charge of negligence based on the acts and omissions of "defendant, its agents and servants," is sufficient, in the absence of a demand

for a bill of particulars as to which particular fellow servants were negligent, or a motion to make the complaint more definite and certain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 837–843.]

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Plaintiff's intestate, an electrical worker, was engaged in "bonding" the third rail of one of defendant's railroad tracks, when a train came up behind and struck him. Plaintiff's evidence tended to show that no warning was given, though a watchman was provided to give notice of the approach of trains, and deceased had a helper who could easily have watched for trains while deceased was at work. *Held*, that the question of contributory negligence was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

5. CONSTITUTIONAL LAW—PRIVILEGES AND IMMUNITIES.

Laws 1906, p. 1682, c. 657, amending section 42a of the Railroad Law, Laws 1890, p. 1082, c. 565, and providing that in an action for injuries to an employé certain persons shall be classed as vice principals, and not as fellow servants, does not violate Const. U. S. art. 14, § 1, the provision being clearly a matter of state control.

McLaughlin and Clarke, JJ., dissenting.

Appeal from Trial Term.

Action by William Schradin, as administrator, etc., against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff (103 N. Y. Supp. 73) and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Robert A. Kutschbock, for appellant.
George V. Smith, for respondent.

INGRAHAM, J. This action was brought to recover the damages sustained by the next of kin of the plaintiff's intestate caused by his death while in the employ of the defendant. The complaint alleges that on the 16th of September, 1906, plaintiff's intestate was in the employ of the defendant as an electrical worker on the tracks of the defendant at 107th street and Park avenue in the city of New York; that while so engaged the said deceased was run into and upon by locomotives with the cars thereto attached, which cars and locomotives were in the exclusive control and operation of the defendant; that the said collision was caused by the careless, negligent, and unlawful acts and omissions of the defendant, its agents and servants, and without any fault on the part of the said deceased which contributed thereto; that, in consequence thereof, the deceased sustained injuries which resulted in his death; and that plaintiff has caused to be served upon the defendant notice of the time, place, and cause of the injuries resulting in the immediate death of the deceased, pursuant to the provisions of the Employer's Liability Act of 1902, Laws 1902, p. 1748, c. 600.

Upon the trial, plaintiff's counsel stated that his complaint was drawn on the broad ground of negligence; that the plaintiff elected to try his case as a cause of action for common-law negligence, supported by an amendment to the railroad law, chapter 657, p. 1682, of the Laws of 1906. The defendant objected to any claim under that statute, on

the ground that there was no allegation in the complaint setting forth a cause of action under it, and upon the further ground that no notice had been served upon the defendant relating to a cause of action under that statute. The court then held that the plaintiff would have to elect whether he would try the case as a common-law action or whether he would try it under the employer's liability act, to which counsel for the plaintiff said that he relied upon the common-law theory. The defendant's counsel objected to the plaintiff's trying the case under either of the statutes, the employer's liability act of 1902 or chapter 657, p. 1682, of the Laws of 1906, and the court directed the counsel to proceed. When the plaintiff rested, defendant's counsel moved to dismiss the complaint, and objected to the claim of the plaintiff on the ground that there was no allegation in the complaint setting forth a cause of action under chapter 657, p. 1682, of the Laws of 1906; that no notice had been served upon the defendant of plaintiff's intention to rely upon the cause of action given by that act; and, further, upon the ground that when this objection was first raised plaintiff elected to proceed upon the theory of common-law liability, and, the case having proceeded upon that theory, the plaintiff could not recall his election and invoke the aid of chapter 657, p. 1682, of the Laws of 1906. This objection was overruled, and defendant excepted. The court then denied the motion to dismiss the complaint, and defendant excepted. At the end of the whole case the defendant renewed its motion to dismiss the complaint on the general grounds that there was no negligence of the defendant shown; that plaintiff was not free from contributory negligence; and that no cause of action was set forth in the complaint under chapter 657, p. 1682, of the Laws of 1906. The court denied the motion, and defendant excepted. After the court had charged the jury, the defendant requested the court to charge that the jury could not find the defendant liable on the ground that the engineer operating the engine drawing the shop train north on track No. 4 was negligent, which was declined, and to which defendant excepted. And the court was further requested to charge that if the accident occurred through the negligence or omission of the defendant's engineer running the engine drawing the north-bound shop train on track No. 4, or from the negligence or omission of the watchman to give a signal, that was the negligence of competent fellow servants of the plaintiff's intestate, and plaintiff cannot recover; which request was refused, to which defendant excepted. The request to charge that if the jury should find that the accident was owing to the negligence or omission of the watchman Connors to give a warning to plaintiff's intestate, that was the negligence of a fellow servant, and they must find for the defendant, was also declined, and defendant excepted.

The plaintiff's evidence tended to show that the deceased, with a fellow workman, was at work upon track No. 4 of the defendant's railroad. At this point on the defendant's road there were four tracks; two for north-bound, and two for south-bound, trains. The north-bound trains used the west tracks. An employé working with the deceased left track No. 4 to go on track No. 3, and, on turning around

and looking at the deceased, saw an engine 10 feet behind him. The man yelled, and the deceased looked towards the engine and then jumped. He had taken about three steps when the engine hit him; that it was the duty of one of the gang of workmen of which the deceased was a member to give signals to notify those working on the track of approaching trains, but this signal was not given; that the deceased was engaged in what was called "bonding" on the third rail of track No. 4; that this required the heating of the rail, which was done with a torch; that it would take the torch three to five minutes to heat the bond material before deceased could work at it; that the deceased stood with one foot upon the east rail, watching the third rail, when this train came up behind and struck him. Another man at work on the track just below the deceased saw the engine about four blocks out of the tunnel, and saw it strike the deceased; that the whistle did not blow before the deceased was struck, nor did the watchman whose duty it was to warn persons upon the track give any notice of the approach of the train.

It is clear that but for the act of 1906 there would be no cause of action. The deceased was employed to work upon a track upon which trains were constantly passing. The danger of working upon such a track was apparent, and he was liable to be run over by passing trains if he remained constantly on the track without watching. To protect him, the defendant provided a watchman whose duty it was to give notice of the approach of trains. The deceased had a helper who could easily have watched for trains while the deceased was at work; but at the time of this accident he was engaged in catching the string of a kite and not attending to his duties. The watchman whose duty it was to give notice of the approach of trains appears to have been on duty at the time and in his proper place, and the defendant thus performed its duty to the deceased in providing a proper watchman to give notice of the approach of trains. There was, therefore, no evidence of the defendant's negligence, unless an additional liability is imposed by the provisions of this act of 1906.

The first question presented, therefore, is whether, to sustain a recovery under the provisions of this amendment of 1906, it is necessary to allege a cause of action under it in the complaint. The charge in the complaint is a general charge of negligence, and the liability charged against the defendant is based upon a collision caused by the negligent, careless, and unlawful acts and omissions of the defendant, its agents and servants. Section 42a of the Railroad Law, Laws 1890, p. 1082, c. 565, as amended by chapter 657, p. 1682, of the Laws of 1906, provides:

"In all actions against a railroad corporation * * * for personal injury to or death resulting from personal injury of any person, while in the employment of such corporation, or receiver, arising from the negligence of such corporation or of any of its or his officers or employees, every employee, or his legal representatives, shall have the same rights and remedies for an injury, or for death, suffered by him, from the act or omission of such corporation or receiver or of its or his officers or employees, as are now allowed by law, and in addition to the liability now existing by law, it shall be held in such actions that persons engaged in the service of any railroad corporation, foreign or domestic, doing business in this state, or in the service of a re-

·ceiver thereof, who are intrusted by such corporation or receiver with the authority of superintendence, control or command of other persons in the employment of such corporation or receiver, or with the authority to direct or ·control any other employee in the performance of the duty of such employee, ·or who have, as a part of their duty, for the time being, physical control or direction of the movement of a signal, switch, locomotive engine, car, train or telegraph office, are vice-principals of such corporation or receiver, and are ·not fellow servants of such injured or deceased employee."

If this act applies, I think there is a cause of action, as the man ·employed to give signals of the approach of trains would be a person in the employ of the defendant who had the "control or direction of a movement of a signal." He would be the person placed by the defendant in control of a signal to give notice to its employés of the approach of trains, and the lives of the employés upon the track would depend upon the careful performance of this duty. But for the provisions of this section, the watchman was a fellow workman of the deceased, and for his negligence the defendant would not be liable, and if the engineer was at fault, he also would be a fellow workman. The question of the liability of the defendant depends up-·on whether this statute gives a new cause of action which must be pleaded. The statute, in terms, imposes an additional or enlarged liability. It provides that in all actions against a railroad corporation for personal injuries to an employé, such employé shall have "the same rights and remedies for an injury, or for death, suffered by him, from the act or omission of such corporation or receiver or of its or his officers or employés, as are now allowed by law, and, in addition to the liability now existing by law, it shall be held in such ·actions" that certain persons specified are not fellow servants of the injured or deceased employé. But the liability which is imposed is ·not to be enforced by a separate action, but that, "in addition to the liability now existing by law, it shall be held in such actions"—namely, in actions brought to enforce the liability of a railroad corporation to its employé who has been injured or killed while in the service of the railroad corporation. There is no notice required to be given to the employer of an intention to hold the employer liable under this provision of the statute as there is in the employer's liability act ·of 1902. It seems to me that the effect of this provision is that a ·certain rule of law by which certain employés of an employer were deemed fellow servants should not be applicable to railroad corporations, but such employés should be what the statute calls "vice principals," or employés for whose negligence the master should be liable. The employer's liability act (chapter 600, p. 1748, of the Laws of 1902). expressly provides that no action for a recovery under the act could be maintained unless notice of the time, place, and cause of the injury is given to the employer. In Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, the Court of Appeals held that the employer's liability act gave an additional cause of action in that it prescribes that the master should be liable for the negligence of a superintendent or any person acting as such. But as no notice is required to be given to maintain an action to enforce a liability created by the act ·of 1906—as the facts alleged in this complaint are sufficient ·to bring the plaintiff within the liability created by that act, and as it is a

public statute which does not have to be pleaded—I cannot see why it is necessary to allege that the defendant is liable under its provisions.  All that is required is that the complaint should contain a concise statement of the facts constituting the cause of action, and this complaint certainly complies with this provision.  It seems to me that the complaint was sufficient to justify a recovery based upon the negligence of those employés of the defendant whose negligence caused the injury.  If the defendant had wished to know which fellow servants had been negligent, or what the acts of negligence were, it should have applied either for a bill of particulars or to make the complaint more definite and certain.  The deceased was not guilty of contributory negligence as a matter of law.  He was entitled to rely to some extent upon the fact that a watchman had been employed to warn him of the approach of trains or that the engineer would give him some notice of his approach.  He was engaged in watching his work, and it was a question for the jury as to whether or not he did all that was required to protect himself.  The defendant also contended that chapter 657, p. 1682, of the Laws of 1906, violates article 14, § 1, of the Constitution of the United States, but I think it is clearly a matter of state control.

The judgment and order should therefore be affirmed, with costs.

PATTERSON, P. J., and SCOTT, J., concur.

McLAUGHLIN, J. (dissenting).  The recovery is sought to be sustained under chapter 657, p. 1682, of the Laws of 1906, but, as I construe the complaint, that is not the cause of action alleged, nor is it the theory upon which the action was tried and submitted to the jury.  There is not a reference in the complaint to chapter 657, p. 1682, of the Laws of 1906, or any facts set forth indicating that the action is brought under that statute, and at the beginning of the trial the plaintiff's attorney elected to try the action as one to recover under the common law, and the case was submitted to the jury upon this theory.

In Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, the court held that the employer's liability act (chapter 600, p. 1748, Laws 1902) gave an additional cause of action, in that it prescribed that the master should be liable for the negligence of a superintendent or a person acting as such.  The act of 1906 gave an additional cause of action by extending the liability of the master beyond that imposed at common law and by the employer's liability act.  The act expressly recites that it creates a liability for certain acts "in addition to the liability now existing by law," and declares that persons who are intrusted with the authority of superintendence, control, or command of other persons, or who have, as a part of their duty, physical control or direction of the movement of a signal, switch, locomotive, engine, car, train, or telegraph office, are vice principals, and are not fellow servants of the injured or deceased employé.  By this act two classes of employés are declared to represent the master:  (a) Those who exercise superintendence or have authority to direct or con-

trol any other employé; and (b) those who have physical control or direction of some of the appliances for the movement of cars.

Where a recovery is sought under the employer's liability act (chapter 600, p. 1748, Laws 1902), the complaint must show, by appropriate allegations, that the action is brought under that statute (Sutherland v. Ammann, 112 App. Div. 332, 98 N. Y. Supp. 574); and the same is true where a recovery is sought under chapter 657, p. 1682, of the Laws of 1906. Where the right to maintain an action depends upon a statute, the plaintiff must, by an appropriate pleading, bring the action within the terms and conditions of the statute (Lewis v. Howe, 174 N. Y. 340, 66 N. E. 975, 1101); in other words, the complaint must clearly and unmistakably indicate, either by a reference to the statute itself or by alleging certain facts, that the action is brought under the statute. The purpose of a complaint is to notify the person against whom a recovery is sought of the precise ground upon which that recovery is claimed. This purpose would be thwarted if a party could allege one cause of action and then recover upon another, or set forth general allegations entitling one to recover at common law and then recover under a statute. It is true a pleading is to be liberally construed, but this presupposes, in case of a complaint, that the plaintiff has complied with the statute by setting forth in his complaint a plain and concise statement of the facts constituting his cause of action, and, if a material statement is susceptible of two meanings, the one most unfavorable to the pleader must be taken. Clark v. Dillon, 97 N. Y. 370. It is no answer to these suggestions, as it seems to me, to say that if the defendant wished to know which fellow servant had been negligent it should have applied for a bill of particulars or to make the complaint more definite and certain. It had a right to assume, inasmuch as no reference was made to the act of 1906, or any facts pleaded indicating that a recovery was claimed under that act, that the action was not brought to recover under that statute.

For these reasons, I am unable to concur in the opinion of Mr. Justice INGRAHAM. I am of the opinion the judgment and order appealed from should be reversed, and a new trial ordered.

CLARKE, J., concurs.