MASTER AND SERVANT (§ 182*)—NEGLIGENCE OF FELLOW SERVANT—MASTER'S LIABILITY—RAILROAD SERVANT—"VICE PRINCIPAL."

Railroad Law (Laws 1890, c. 565) § 42a, as added by Laws 1906, c. 657, provides that in actions against a railroad company for death resulting from personal injury to an employé, arising from the company's negligence or that of its employés, the employé or his legal representative shall have the same rights and remedies as are now allowed, and, in addition thereto, it shall be held that persons engaged in the company's service or intrusted with the authority of superintendence, control, or command of other employés, or with the authority to direct them in the performance of their duties, or who have for the time being physical control or direction of the movement of a signal, engine, etc., are vice principals, and not fellow servants, of the injured employé. Decedent was a third-rail patrolman in defendant's employment, and it was the custom of such patrolmen to work in pairs, one of them repairing minor defects, while the other kept watch for the approach of trains and warned the working patrolman thereof, alternating in working and watching as they themselves determined. *Held* that, since the duty of the other patrolman to warn decedent of approaching trains was only incidental to his work, he was not a vice principal as to decedent, but a fellow servant; the statute only making an employé a vice principal in such case, where his special or sole duty was to give warning.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 182.*

For other definitions, see Words and Phrases, vol. 8, pp. 7313–7316; vol. 8, p. 7827.]

Appeal from Trial Term, Orange County.

Action by Anna V. Hintze, as administratrix of Otto W. Hintze, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Charles F. Brown, for appellant.

A. H. F. Seeger (Abram F. Servin, on the brief), for respondent.

HIRSCHBERG, P. J.   The plaintiff's judgment is for the death of her decedent, alleged to have been caused by the defendant's negligence as master, the liability being predicated upon section 42a of the railroad law (Laws 1890, c. 565), as added by chapter 657, Laws 1906.

The deceased was a third-rail patrolman, and had been in the defendant's employ about 20 days prior to his death.   The defendant had a rule or long-established custom, which employés were instructed to follow, that they should work in pairs, one watching for approaching trains while the other was working.   Their duties were to patrol the road and inspect the third rail, and if they found minor defects, such as a bolt loose or out, they should repair the condition, while, if they found a more serious defect, it would be their duty to report it to the foreman, who would send the repair gang to remedy it.   Under this custom and requirement, but one of the two worked at any given time and the other watched, no repairs being attempted which required the work of more than one man, and consequently the one who was working was always protected from injury, if the other performed his duty. The injury was such, of course, as was not incident to the inherent dangers of the third rail, and, in addition to the watch kept by the fellow servant, there was another rule or long-established custom understood by the engineers as being a duty required of them that they also should keep a vigilant outlook for men working upon the track and signal to them the approach of the train by their whistles, continued until the track was clear.   The determination of which of the two patrolmen should work and which one watch at a given time, or in making a repair, was left to the men themselves; and it seems to have been their custom to alternate in working and watching.   On the day of the accident the plaintiff's intestate was working with a fellow patrolman named Flynn.   The evidence sufficiently establishes the fact that the deceased was working and Flynn watching at the time.   A train approached, warning of which was not conveyed to the deceased by his fellow workman, Flynn.   The deceased was not seen by the engineer of the train and accordingly no whistle was blown, but the recovery has not been predicated solely upon his negligence, if any, but rests upon the negligence of the fellow workman acting at the time as watchman in not giving the required signal, which negligence has been held chargeable to the defendant under the provisions of the statute referred to.

The relevant parts of section 42a of the railroad law are as follows:

"Sec. 42a. In all actions against a railroad corporation, foreign or domestic, doing business in this state, or against a receiver thereof, for personal injury to, or death resulting from personal injury of any person, while in the employment of such corporation, or receiver, arising from the negligence of such corporation or receiver or of any of its or his officers or employés, every em-

ployé, or his legal representatives, shall have the same rights and remedies for an injury, or for death, suffered by him, from the act or omission of such corporation or receiver or of its or his officers or employés, as are now allowed by law, and, in addition to the liability now existing by law, it shall be held in such actions that persons engaged in the service of any railroad corporation, foreign or domestic, doing business in this state, or in the service of a receiver thereof, who are intrusted by such corporation or receiver with the authority of superintendence, control or command of other persons in the employment of such corporation or receiver, or with the authority to direct or control any other employé in the performance of the duty of such employé, or who have, as a part of their duty, for the time being, physical control or direction of the movement of a signal, switch, locomotive engine, car, train or telegraph office, are vice principals of such corporation or receiver, and are not fellow servants of such injured or deceased employé."

At the time of the trial the case of Schradin v. New York Central & H. R. R. R. Co., 124 App. Div. 705, 109 N. Y. Supp. 428, had been decided and affirmed by the Court of Appeals (194 N. Y. 534, 87 N. E. 1126). The opinions at the Appellate Division were devoted to a consideration of the question whether the claim of liability under the statute in question was set forth in the complaint, and the affirmance in the Court of Appeals appears to have been based upon the determination in favor of the plaintiff of the question of the constitutionality of the law. Since that case was decided, however, the Court of Appeals has decided the case of Hallock v. New York, O. & W. R. Co., 197 N. Y. 450, 90 N. E. 1124, and has therein held that where workmen are engaged in common and similar work, as in the case at bar, the one watching as an incident to the work does not become a vice principal of the company for the time being. The operation of the statute is expressly limited by that case to such employés of the road whose special or sole functions are to give warning, and not to those upon whom such duty devolves only as an incident to their work. The court said (197 N. Y. 456, 457, 90 N. E. 1126):

"In the case of Schradin v. N. Y. C. & H. R. R. R. Co., 124 App. Div. 705 [109 N. Y. Supp. 428], affirmed without opinion, 194 N. Y. 534 [87 N. E. 1126], the negligence charged was that of the engineer running the train with which the deceased was killed, and also that of a watchman specially detailed to warn, by a megaphone, the deceased and his fellow workmen, who were employed in erecting electric appliances along the track, of danger from approaching trains. No point was raised by the defendant that the watchman was not in charge of a signal. It may very well be, however, that, had it been raised, it would have been overruled, and we would have held an employé whose special or sole function it was to give warning and notice to persons working was in charge of a signal within the spirit of the statute, even though a mechanical device was not used. But the statute cannot be extended so as to include cases where the notice or information or warning conveyed by an employé to another employé is a mere incident of the employé's duty. In the movement of the cars in the making up of trains and the distribution of cars when the train has arrived at its destination, numberless notices, warnings, or signals, if they are to be called such, must be given by one trainman to the others and often finally to the conductor. Errors or negligence in these respects unfortunately are most common causes of injuries to employés in the movement of railroads. If the Legislature had intended to make a railroad company liable in all such cases for injuries to its employés occasioned by the negligence of coemployés, the intent would have been very readily expressed by simple and clear language, while the present statute seems, on the contrary, to plainly confine liability for such injuries solely to negligence on the part of certain specified employés. We are of opinion, therefore, that

the defendant was not liable for the negligence of the rear brakeman, if such negligence there was."

It follows that the judgment and order should be reversed.

Judgment and order reversed and new trial granted, costs to abide the event. All concur.