MURTAGH v. JOLINE et al.

(Supreme Court, Appellate Term. January 4, 1911.)

1. MASTER AND SERVANT (§ 264*)—INJURIES TO SERVANT—RAILROAD LAW—PLEADING AND PROOF.

While Railroad Law (Laws 1890, c. 565) § 42a, as added by Laws 1906, c. 657, imposes an additional and enlarged liability against a railroad company for personal injuries to employés, it has not abolished pleadings, nor abrogated the requirement that the proof must correspond to the allegations.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 264.*]

2. MASTER AND SERVANT (§ 264*)—PERSONAL INJURIES—PLEADING—PROOF.

In an action for injuries to an employé, where none of the facts alleged in the complaint tending to show liability were proved, and there was no general allegation of negligence, and nothing alleged in the complaint otherwise to set forth a cause of action against defendants, a judgment for plaintiff was unwarranted.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 264.*]

Appeal from City Court of New York, Trial Term.

Action by Daniel Murtagh against Adrian H. Joline and another, as receivers of the New York City Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

See, also, 119 N. Y. Supp. 218.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Dexter, Osborn & Fleming (Bayard H. Ames and John Montgomery, of counsel), for appellants.

James E. Duross, for respondent.

PAGE, J. This is an action brought by an employé to recover damages for the alleged negligence of the defendants. At the beginning of the trial the plaintiff's counsel stated that he "desired to proceed against the defendants on their liability as the same is extended by section 42a of the railroad law." Defendants' counsel objected to the case being tried under a different theory than that set forth in the complaint. This objection being overruled, he moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action under section 42a of the railroad law. This motion was denied, and an exception duly taken. The necessary motions were also made at the close of the plaintiff's case, and after both sides had rested, to save the defendants' rights.

The plaintiff was a conductor in defendants' employ, on one of their Twenty-Third Street crosstown cars, and, while said car was traveling in a westerly direction, another of defendants' cars, traveling in a northerly direction along Eighth avenue, ran into the crosstown car, throwing the plaintiff to the pavement. There is no general allegation of negligence in the complaint. The fifth subdivision of the complaint alleges that the said collision and accident occurred through the negligence of the defendants, their agents, and employés in failing and neglecting to provide competent and skillful fellow servants, and in negligently and carelessly employing and allowing the motorman in charge of the Eighth Avenue car to run and operate the same, although the said motorman was unskilled and unpracticed in using and operating the car, and in operating the motor and brakes thereon, and that he was incompetent and unfit, and that defendants, their agents, and superintendents knew of said motorman's unfitness and lack of skill and training, but the plaintiff was wholly ignorant thereof, and that the said collision and accident occurred through the negligence and carelessness of the defendants, their agents, and employés, in failing to provide proper and suitable motors and motor boxes and brakes on the Eighth Avenue car, and through the use of defective, unsuitable, and improper motors, motor boxes, and brakes on said car, and through failure to keep the same in repair, and that the condition of said motors, etc., had continued for a long time prior to said accident known to the defendants, but that plaintiff was ignorant thereof.

Not a single one of these allegations was proved upon the trial, and respondent contends that these allegations may be treated as surplusage. Had plaintiff proved one of these allegations of negligence, then the allegations of other acts of negligence not proved at the trial might have been treated as surplusage (Acardo v. N. Y. Cont. & T. Co., 116 App. Div. 793, 102 N. Y. Supp. 7); but we cannot treat all of the allegations of negligence in a complaint as surplusage. The plaintiff relies upon the fourth subdivision of the complaint as setting forth his cause of action; but that subdivision merely states the fact of the collision, without any allegation of negligence on the part of the defendants, or any fact that would show by whose negligence the result was brought about. The plaintiff relies on the case of Schradin v. N. Y. C. & H. R. R. Co., 124 App. Div. 705, 709, 109 N. Y. Supp. 428,

431, as an authority for his procedure in this case. This case, however, will not bear the construction he seeks to put upon it. The court says:

"The first question presented, therefore, is whether, to sustain a recovery under the provisions of this amendment of 1906, it is necessary to allege a cause of action under it in the complaint. The charge in the complaint is a general charge of negligence, and the liability charged against the defendant is based upon a collision caused by the negligent, careless, and unlawful acts and omissions of the defendant, its agents, and servants."

The first sentence above quoted does not mean, as respondent seems to contend, that in order to recover under section 42a it is not necessary to allege a cause of action in the complaint, but as the court later explains at page 711 of 124 App. Div., and page 432 of 109 N. Y. Supp.:

"As the facts alleged in the complaint are sufficient to bring the plaintiff within the liability created by that act, and as it is a public statute, which does not have to be pleaded, I cannot see why it is necessary to allege that the defendant is liable under its provisions. All that is required is that the complaint should contain a concise statement of the facts constituting the cause of action, and this complaint certainly complies with this provision."

Section 42a of the railroad law imposes an additional and enlarged liability against a railroad company for personal injuries to employés; but it has not abolished pleadings, nor abrogated the maxim "secundum allegata et probata." We have treated this case upon the supposition that section 42a of the railroad law applies to street surface railroads, because the result we have reached did not require us to determine that question, and upon it we express no opinion. Not one of the facts alleged in the complaint tending to show liability was proved. There is no general allegation of negligence, and nothing alleged in the complaint otherwise to set forth a cause of action against the defendants.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.