LOUISE HENRY, Plaintiff, *v.* NEW YORK POST, INC., Defendant.

Supreme Court, Trial Term, New York County, June 23, 1938.

*Henry H. Shepard* [*Samuel R. Weltz* and *Benjamin M. Franklin* of counsel], for the plaintiff.

*Guggenheimer & Untermyer* [*Eugene Untermyer, Victor Lehman* and *Alan Nordlinger* of counsel], for the defendant.

PECORA, J.   Upon the trial of this action for libel the jury brought in a verdict in plaintiff's favor for $6,000.   The defendant now moves to set aside the verdict on the ground that it is excessive, and also seeks to dismiss the complaint.   The second ground of the motion is the more important, involving the significance of the " law of the case " established by a decision upon a motion at Special Term addressed to the sufficiency of the complaint.   After the service of the complaint and before answer, defendant moved to dismiss on the ground that it did not plead a libel *per se* and, therefore, required allegations of special damage.   The motion was denied and the sufficiency of the complaint upheld.   At the trial the motion to dismiss was renewed, and it is now made once more

after the rendition of the verdict. It is virtually conceded by the moving party that the allegations of the complaint except as to the amount of damage have been sustained, but it is urged that the court at Special Term, upon its ruling on the motion to dismiss, erred in holding it sufficient as pleading a libel *per se*. I am asked to overrule the court at Special Term because a careful re-analysis of the pleading would seem to indicate that no libel *per se* has been alleged and no special damages have been alleged or proved. Any opinion I might have as to whether or not the article complained of is libelous *per se* — considering the question as an original proposition — would be academic at this time; hence it need not be stated here. This attitude is based upon the principle that the ruling at Special Term, for the reasons hereinafter stated, constitutes the law of the case binding on the Trial Term.

As is said in *Aldrich* v. *Newburgh News Printing & Publishing Co.* (70 Misc. 126):

" Orderly practice would seem to require that an order or judgment, made in the same action, shall be binding upon the parties until set aside or reversed. * * *

" I reach this conclusion not only because I deem it an undesirable practice under the circumstances here appearing for one justice to review the conclusions of an associate justice of this court, but because the recognition of such a practice must result in defeating the salutary purpose of the recent code amendments looking to a speedy and simple procedure for passing upon the sufficiency of pleadings. I am also of opinion that the determination of the court upon the motion is binding upon me, whether under the rule of *res adjudicata* (*Dwight* v. *St. John*, 25 N. Y. 203; *Hirshbach* v. *Ketchum*, 79 App. Div. 561, 563), or under the doctrine of *stare decisis*."

This case was cited in *Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.* (227 App. Div. 582); that court also citing *Barber* v. *Rowe* (200 id. 290), to the effect that where no appeal was taken from an order overruling a demurrer, that order was conclusive and the law of the case on all questions, and could not be reviewed by another justice. If this rule were not followed, the entire practice involving preliminary motions addressed to the pleadings would be meaningless and their entire purpose nullified.

While the motion to reconsider the merits of the complaint must be denied, it is pertinent, for the sake of clarifying the issues, to review the status of the " law of the case " as established by an intermediate order, when the appeal from the entire judgment reaches the appellate tribunal. In *Barber* v. *Rowe* (*supra*) the following interesting observation is made from which certain

inferences might be drawn: "The order overruling the demurrers was not appealed from, nor does the notice of appeal from the judgment here under review specify that the appellants intend to review upon this appeal the order overruling the demurrer. Therefore, this order cannot be reviewed upon this appeal. * * * Since no appeal from the order overruling the demurrer has been taken directly or by specifying it in the notice of appeal herein, that order stands as the law of the case on all questions that might have been litigated." (Citing authorities.)

From this observation it would seem to follow that the law of the case as established by the lower court might still be challenged on appeal from the judgment, provided the notice of appeal specified that the appellant intends to review the order denying the motion to dismiss the complaint. This holding is in line with the general principle that an appeal from a judgment brings up for review all intermediate orders specified in the notice of appeal. This principle is applicable only where the aggrieved party, prior to judgment, has failed to appeal from the order. Such failure is not deemed to be an estoppel of his right to review the order upon an appeal from the final judgment, where he includes the intermediate order in his notice of appeal. At least, this is the general rule laid down in the holdings of the Appellate Division. That rule, however, has been modified by the Court of Appeals in *Ansorge* v. *Kane* (244 N. Y. 395) and later cases. I quote from *Vogeler* v. *Allwyn Improvement Corp.* (247 N. Y. 131), where the court said: " It is urged at the outset that the decision in favor of the plaintiff upon the motion to dismiss the complaint stands as the law of the case, since the notice of appeal from the subsequent judgment does not bring up the earlier order for review. In the case of *Ansorge* v. *Kane* (244 N. Y. 395) we have held otherwise. We may consider the pleadings as if no motion for judgment dismissing the complaint had been made and denied before the answer was interposed."

The Appellate Division rule is thus modified; and, at least so far as a motion dismissing the complaint for insufficiency is concerned, the unfavorable disposition may be brought up for review by appeal from the judgment even without specifying this matter in the notice of appeal.

In *Hornstein* v. *Podwitz* (254 N. Y. 443, 450) the court said: " We do not agree with the statement in the opinion handed down by the Appellate Division to the effect that the decision of that court on the appeal from the intermediate order, sustaining the sufficiency of the complaint, is binding on this court and prevents it from reviewing such intermediate order of the Appellate Division."

By a parity of reasoning we may say that the order of Special

Term sustaining the sufficiency of the complaint may be reviewed by the Appellate Division after judgment, and is not binding on that court as the law of the case. In thus ruling the Court of Appeals disapproved the language in the court below in *Hornstein* v. *Podwitz* (229 App. Div. 167, 169), where it said:

" The defendants did not appeal from the decision of this court, although they could have appealed as of right. The ' law of the case ' was binding on the trial court. A trial court to which an action has been remitted for trial has no jurisdiction to review, even for apparent errors, matters decided by its superior appellate court.

" *The rule adverted to runs to the extent that decisions by this court not appealed from are binding, not only on this court on later appeals, but also on the Court of Appeals when there reviewed.*"

The sentence in italics is manifestly the portion with which the Court of Appeals disagreed in its opinion (*supra*).

I must conclude, then, that this court cannot review the propriety of the court's ruling at Special Term in sustaining the sufficiency of the complaint, but relief in that respect must be addressed to the appellate courts. The decision in Special Term does not constitute the law of the case when the matter is up for consideration by the higher court, even though no previous appeal was taken from the intermediate order.

Plaintiff, however, makes a further contention on the status of the law in this case which requires some consideration in connection with what has been said. She argues that the law of the case has been established not only in the lower court, but on appeal. It seems that plaintiff at the appropriate time moved to strike out one of the separate defenses as insufficient. The motion was granted and this disposition was affirmed without opinion. Plaintiff argues that under the old rule of searching the record on demurrer, the Appellate Division must have found the complaint good. If the Appellate Division had written an opinion making explicit reference to the sufficiency of the complaint, I should have found the argument of plaintiff cogent. But on an affirmance without opinion it is unfair to base a conclusion that the higher court inferentially found the complaint good. The effect of the holding of the Court of Appeals in *Small* v. *Sullivan* (245 N. Y. 343), also cited by plaintiff, is merely that when the sufficiency of a defense is attacked the court may entertain argument on the adequacy of the complaint. The reasoning by which it is sought to spell out an affirmance by the higher court by indirection should be held within bounds. Under all the circumstances the question of the sufficiency of the complaint is still an open one on appeal.

As the defendant might find it of particular interest to review the decision sustaining the complaint, I shall refrain from granting the motion of the defendant to set aside the verdict because it is excessive. I am denying that motion *pro forma*, so that the question of the sufficiency of the entire cause of action, including the proof of damages, may be brought up before the appellate court, instead of the mere question of the excessiveness of the verdict.

The motion to set aside the verdict is denied on the grounds mentioned.