BENJAMIN B. DAVIS, Respondent, *v.* JENNIE O'CALLAGHAN, Appellant, Impleaded with WILLIAM O'CALLAGHAN, Defendant.

First Department, November 18, 1938.

388

*I. Louis Friedman* of counsel [*Joseph A. Michel*, attorney], for the appellant.

*J. Leon Israel*, for the respondent.

CALLAHAN, J. One of the defenses stricken out sets forth facts purporting to show a violation of the provisions of section 270 of the Tax Law, in that it alleges that no tax was paid at the time of the transaction set forth in the complaint. This transaction (the, complaint plainly indicates) was one involving the sale of shares of stock, and the transfer of a certificate representing same. The defense, as we construe it, sufficiently alleges these facts. Section 278 of the Tax Law provides, in substance, that no transfer of certificates, taxable as provided in section 270, shall be made the basis of any action if the tax has not been paid.

When statutes of this State are relied on it is unnecessary to enumerate them specifically, so long as the facts alleged bring the transaction within any such statute. This defense is sufficient.

The second defense stricken out alleges that plaintiff is not the real party in interest. It asserts no facts, but merely a legal conclusion. It was properly stricken out.

The counterclaims stricken out attempt to set forth causes of action solely against plaintiff's assignor, one Seel Singer. The matters set forth are alleged as repetition of facts pleaded against plaintiff as setoffs. A counterclaim against plaintiff, together with another person, may properly be set forth in an answer. (Civ. Prac. Act, § 271.) Service of a copy of the answer on such other person will bring him in as a party defendant. While the form of pleading indicated by the statute is not followed strictly

in the present answer, we think that it sufficiently complies with the requirements of the statute. The counterclaims in substance are of the kind contemplated by the section. In any event, plaintiff cannot attack the counterclaims for insufficiency, for they assert nothing against him, but solely against his assignor. The latter may attack them, if and when served with the answer. If no such service is made before the cause is reached for trial, the counterclaims may be disregarded. Plaintiff cannot be prejudiced by the allegations thereof, as the same facts are contained in the setoffs.

The order should be modified by denying the motion to strike out the defense of violation of the Tax Law, and the two counterclaims, and, as so modified, affirmed, with twenty dollars costs and disbursements to the defendant-appellant, with leave to the defendant-appellant to serve a further amended answer within twenty days after service of order.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously modified by denying the motion to strike out the defense of violation of the Tax Law, and the two counterclaims, and, as so modified, affirmed, with twenty dollars costs and disbursements to the defendant-appellant, with leave to the defendant-appellant to serve a further amended answer within twenty days after service of order with notice of entry thereof.