ANN DEYO, as Executrix of WILLIAM J. DEYO, Deceased, Plaintiff, *v.* MAY ADAMS, and HARRY ADAMS, Individually and as Executor of WILLIAM J. DEYO, Deceased, Defendants.

UNITED STATES OF AMERICA, Intervener.

Supreme Court, Special Term, Kings County, May 5, 1944.

460

*John E. Mahoney* for May Adams, defendant.

*John E. Buck* for Harry Adams, individually and as executor of William J. Deyo, deceased, defendant.

*Irvin A. Edelman* and *Joshua Edelman* for plaintiff.

*Harold M. Kennedy, United States Attorney for Eastern District of New York (Anthony G. Greco* of counsel), for intervener.

GARVIN, J. Defendant May Adams moves for an order granting her leave to serve a supplemental answer and for an order dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice, on the ground that the complaint fails to state facts sufficient to constitute a cause of action. Defendant Harry Adams moves for summary judgment pursuant to the same rule, on the ground that the action has no merit.

The complaint herein has been sustained. (See *Deyo* v. *Adams,* 178 Misc. 859.) As a result of that decision the Legislature enacted section 24 of the Personal Property Law, effective April 19, 1943. There is no occasion for pleading this statute in the answer, for the reason that the court will take judicial notice of its existence. The authorities to that effect abound. (See *Schradin* v. *New York Central & H. R. R. R. Co.,* 124 App. Div. 705, 711, affd. 194 N. Y. 534; *Davis* v. *O'Callaghan,* 255 App. Div. 387, 388.) It may be added that the court is of the opinion that inasmuch as the statute to which reference has just been made was enacted in 1943, becoming effective April 19th of that year, it cannot affect the vested rights of any of the parties hereto. (*Livingston* v. *Livingston,* 173 N. Y. 377.)

The court has reached the conclusion that the previous decision sustaining the complaint is the " law of the case " and must control the motions now before the court. It is quite true that it may be argued that a different conclusion was reached in *Matter of Deyo* (180 Misc. 32), but Mr. Justice PECORA, in his carefully considered and exhaustive opinion in the case of *Henry* v. *New York Post, Inc.* (168 Misc. 247, affd. 255 App. Div. 973, affd. 280 N. Y. 842), assembled most, if not all of the authorities in point, and in his opinion stated: " This case was cited in *Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.* (227 App. Div. 582); that court also citing *Barber* v. *Rowe* (200 id. 290), to the effect that where no appeal was taken from an order overruling a demurrer, that order was conclusive and the law of the case on all questions, and could not be reviewed by another justice. If this rule were not followed, the entire practice involving preliminary motions addressed to the pleadings would be meaningless and their entire purpose nullified."

The court agrees with the views just stated. Defendants argue that the opinion in *Matter of Deyo* (*supra*) represents the sounder view. However that may be, it seems to the court that having in mind the " law of the case " rule no other conclusion can be reached except to follow the determination on the earlier decision sustaining the sufficiency of the complaint. It is quite true that as Judge PECORA pointed out in the *Henry* v. *New York Post, Inc.*, case (168 Misc. 247, 250, *supra*), it is possible that if and when this case is reviewed by the Appellate Division the decision at Special Term may not be held by that court to constitute the law of the case in the event that the court reaches a contrary conclusion, but this possibility cannot be taken into account by the court on the present application. For these reasons, it being the opinion of the court that the decision sustaining the sufficiency of the complaint may not be here reviewed, it follows that defendants' motions must be denied.