ROSE L. STEINBERG et al., Respondents, and HARRY LEWIS, Intervenor-Respondent, *v.* RICHARD W. ALTSCHULER et al., Appellants, et al. Defendants.

First Department, November 17, 1959.

*Lawrence R. Eno* of counsel (*Samuel I. Rosenman* and *Max Freund* with him on the brief; *Rosenman Goldmark Colin & Kaye*, attorneys), for appellants.

*Samuel Gottlieb* of counsel (*Harry Giesow* and *Murray L. Lewis* with him on the brief; *Leonard I. Schreiber*, attorney), for respondents.

*Per Curiam.* This is a consolidated stockholders' derivative action based on two separate suits commenced in September, 1954 and March, 1955. The original consolidated complaint, served in April, 1955, was the subject of motions made by certain of the individual defendants under rules 90, 102, 103, 106 and 107 of the Rules of Civil Practice, resulting in a resettled order dated January 22, 1957 which (1) granted the motion under rule 102 requiring the service of an amended complaint making more definite and certain allegations specified in defendants' notice of motion, (2) granted the motion pursuant to rule 90 requiring the statement and numbering of separate causes of action contained in paragraphs 17 and 18 of the consolidated complaint, (3) granted the motion under subdivision 5 of rule 107 to the extent of dismissing certain claims as barred by the Statute of Limitations, with leave to plead such matters as historical background, and (4) denied the other requests for relief.

There was no appeal from that order, and a consolidated amended complaint was thereafter served. In January, 1957, defendants-appellants again moved at Special Term to strike

out allegations of the amended complaint because of failure to comply with the prior order to make the allegations more definite and certain and to strike out allegations pursuant to rule 103 of the Rules of Civil Practice. By an order entered in July, 1957, Special Term granted such motions in part and denied them in part.

The instant appeal, taken in July, 1957, is by the defendants from that part of the latter order which denied their motion to strike certain paragraphs of the amended complaint because of failure to comply with the order of January 22, 1957 requiring that the allegations be made more definite and certain, and from that part of the order which denied their motion under rule 103.

From the recital above there emerges the stark fact that although more than five years have elapsed since the service of a complaint, and four and one-half years since the service of a consolidated complaint, defendants have not yet answered. Even the languid prosecution of the instant appeal has taken more than two years. The disposition of the appeal — which at most involves corrective pleading motions — must necessarily take into consideration the leisurely pace with which the litigation is being conducted. In our view, it is high time issue was joined on the merits in this action.

We agree with appellants that the amended consolidated complaint did not comply with the ruling of the first Special Term Justice when he directed the service of an amended complaint. It was the duty of plaintiffs' counsel to adhere to that ruling, or if dissatisfied to appeal from it. By making a few insignificant changes in the amended complaint there was an inexcusable disobedience of the ruling of Special Term.

By the same token, since the amended complaint did not comply with the prior order of the court, the Justice, before whom the motion directed to the amended complaint was made, should have found that the antecedent decision was binding upon him and should have declined to review, in effect, the conclusions of an Associate Justice of the same court. (*Mongaup Val. Co.* v. *Bethlehem Eng. Export Corp.*, 264 App. Div. 929; *Sofianopoulo* v. *Standard Commercial Tobacco Co.*, 182 App. Div. 914; see, also, *Mount Sinai Hosp.* v. *Davis*, 8 A D 2d 361; *Endurance Holding Corp.* v. *Kramer Surgical Stores*, 227 App. Div. 582; *Barber* v. *Rowe*, 200 App. Div. 290, 295; *Henry* v. *New York Post*, 168 Misc. 247, affd. 255 App. Div. 973, affd. 280 N. Y. 842.)

However, these are rules of propriety rather than power. In view of the inordinate delay already encountered in this case,

we have examined the challenged allegations *de novo*, rather than return the pleading for further amendment. It is our conclusion that in their present form the allegations assailed are sufficient to require answer and that further amplification can be obtained by bill of particulars. The order should therefore be affirmed, but without costs.

BREITEL, J. P., M. M. FRANK, VALENTE, MCNALLY and STEVENS, JJ., concur.

Order unanimously affirmed, without costs.